Dear Judge Cox:
You have requested an opinion of the Attorney General regarding the source of funding for the Judicial Compensation Commission (Commission). As you note in your request, the Commission is created pursuant to R.S. 13:41-49. Section 42 provides that the Commission shall consist of ten (10) appointed members subject to Senate confirmation. Section 43 provides that Commission members be residents and qualified voters of the State who shall serve four-year terms.
The duties and functions of the Commission are set forth in Section 46 which provides as follows:
 § 46. Duties and functions
 A. The commission shall make a study of the salaries payable to judges.
 B. The commission shall submit its recommendations concerning judges' salaries to the legislature sixty days prior to the commencement of any regular session of the legislature in an even-numbered year. Thereafter, a report may be submitted every two years at any regular session of the legislature in an even-numbered year. The report shall be submitted to the offices of the speaker of the House of Representatives and the president of the Senate, who shall distribute copies to each member of their respective house of the legislature.
Section 47 provides as follows with regard to legislative approval of the Commission's report:
 § 47. Legislative approval of commission report
 The salaries recommended in the report shall take effect on the first day of July of the year in which the report was submitted if approved by concurrent resolution adopted by a favorable vote of the majority of the elected members of each house. The concurrent resolution to approve the recommendations of the report shall be adopted according to the same procedures and formalities, except for submission to the governor, required for the passage of a bill.
Section 44 provides the following with regard to the compensation and expenses of Commission members:
 § 44. Commission members; compensation prohibited; expenses
 Members of the commission shall not receive compensation for their services, but shall be paid actual expenses necessarily incurred in the performance of their duties as members of the commission.
As can be gleaned from the above, while the law provides for the reimbursement of actual expenses to Commission members, it does not address the source of funding for this reimbursement. You specifically ask whether the Judicial Expense Fund (Fund) of the Fifteenth Judicial District Court, as well as other similar legislatively created Judicial Expense Funds, can be used to reimburse the actual expenses incurred by Commission members.
The Judicial Expense Funds for the individual district courts are legislatively created and enumerated in R.S. 13:991 through 996.59.
R.S. 13:996.25 establishes the Fund for the Fifteenth Judicial District Court. Section 996.26 constitutes the legislative authority for disbursements from the Fund. A review of this Section reveals that disbursements can be made for court reporters' salaries, as well as the salaries of secretarial, clerical, research, administrative or other personnel deemed necessary to expedite the business of the Court. The Fund may also be used to pay the cost of establishing and/or maintaining a law library or for buying and/or maintaining any type of equipment, supplies or other items consistent with or germane to the efficient operation of the Court.
Section 996.26 further provides:
 In general, the judicial expense fund is established and may be used for any purpose or purposes connected with, incidental to, or related to the proper administration or function of the said court of the offices of individual judges and is in a addition to any and all other funds, salaries, expenses or other monies that are now or hereafter provided, authorized or established by law for any of the aforesaid purposes. (Emphasis added.)
Section 996.27 prohibits the use of the Fund for the payment of salaries to any of the judges of the Fifteenth Judicial District, with the exception of that for administering the Fund, and only after prior legislative approval.
As can be gleaned from the above, the law is very broad in scope as to the purposes for which the Fund can be used. It specifically provides that disbursements can be made for any purpose or purposes connected with, incidental to, or related to the proper administration or function of the Court or the offices of the individual judges, with the exception of salaries.
We are of the opinion that a clear nexus exists between the duties and functions of the Commission, as set forth in R.S. 13:46, and the purposes for which the Fund can be used for, as set forth in R.S. 13:996.26. More specifically, we find the duties and functions of the Commission to be incidental to or related to the proper administration or function of the Court and/or the offices of the individual judges.
Accordingly, it is the opinion of this office that disbursements can be made from the Fund to assist in the reimbursement of actual expenses of the Commission members in the performance of their duties. Obviously, this opinion is likewise applicable to any Expense Funds of other judicial districts, the statutory language of which is similarly broad in scope.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj